

# IN THE
# TENTH COURT OF APPEALS

---

### No. 10-21-00049-CV

---

## IN THE INTEREST OF J.B.J., J.M.J., AND J.I.J., CHILDREN

---

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2019-1730-4**

---

## OPINION

---

John appeals from a judgment that granted a modification of his divorce decree. *See* TEX. FAM. CODE ANN. § 156.101. The original decree designated John as the joint managing conservator with the right to establish the primary residence of the children, J.B.J., J.M.J., and J.I.J. The modification changed the designation and named Karen, John's ex-wife and the mother of the children, to be the joint managing conservator with the right to establish the primary residence of the children. John complains that the trial court abused its discretion by granting the modification because the evidence was legally insufficient for the trial court to have found that he voluntarily relinquished the primary care and possession of the children for at least six months or that the children's present

environment may endanger the children's health or significantly impair their emotional development. *See* TEX. FAM. CODE ANN. § 156.102(b)(1) & (3). Because we find that John has failed to preserve his complaint for appellate review, we affirm the judgment of the trial court.

**APPLICABLE LAW**

Generally, to prevail on a petition to modify the terms of conservatorship, including a modification of which conservator will have the right to determine the children's primary residence, the party seeking modification must establish that (1) "the circumstances of the child[ren], a conservator, or other party affected by the order have materially and substantially changed" since the date of rendition of the prior order, and (2) modification is in the children's best interest. TEX. FAM. CODE ANN. § 156.101(a)(1).

However, §156.102 provides if, within one year of the order to be modified, a person files a suit to modify the designation of the person having the exclusive right to designate the primary residence of the child, the petitioner shall execute and attach an affidavit containing at least one of three specified allegations, along with supporting facts. TEX. FAM. CODE ANN. § 156.102(a)—(b). The two allegations that were alleged in Karen's affidavit are set forth in §156.102(b)(1) & (3), which state:

> (1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;
>
> …

(3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

TEX. FAM. CODE ANN. §156.102(b)(1), (3).

John misapprehends the mechanism put in place by the legislature regarding how a modification of the conservator that has the exclusive authority to designate the primary residence of the children can be modified. Section 156.102 refers only to pleading requirements. If the affidavit filed with a motion to modify filed within one year is insufficient, the trial judge is required to deny the relief sought and refuse to schedule a hearing for modification. *Id*. § 156.102(c).

The language of §156.102 does not include any reference to the legal standard or the evidence required to be produced at the hearing but is limited to the requirements of the affidavit to be filed with the motion. Allegations required for the affidavit under §156.102 are not required as evidence at the §156.101 hearing in order for the court to grant the modification. Those allegations are only required to get to the §156.101 hearing. If the affidavit is deficient, there is no hearing under §156.101.

John does not argue on appeal that the trial court erred by conducting a hearing. Rather, John argues that the evidence at the hearing was insufficient to prove the allegations in the affidavit. This argument comes too late because John did not object to the affidavit or its adequacy before the trial court moved forward with the hearing. To preserve error about moving forward to the §156.101 hearing it was necessary to call the

matter, in this situation the alleged deficiency in the §156.102 affidavit, to the trial court's attention by making a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a).

By now complaining about the "sufficiency of the evidence" to support the §156.102 affidavit, John is actually attacking the sufficiency of the affidavit. Because John did not raise his complaint in a timely manner, we conclude John waived any complaint about the affidavit or its sufficiency and cannot now complain about "the sufficiency of the evidence" for the allegations in the affidavit. Accordingly we overrule John's sole issue and affirm the trial court's modification order.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed June 29, 2022
[CV06]

